J-S57027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARLEY GIFFORD | |
| Appellant | No. 778 EDA 2015 |

Appeal from the Judgment of Sentence February 19, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006464-2011

_____

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARLEY GIFFORD | |
| Appellant | No. 780 EDA 2015 |

Appeal from the Judgment of Sentence February 19, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006030-2011

BEFORE:  MUNDY, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:					**FILED OCTOBER 21, 2015**

Harley Gifford brings these appeals from the judgments of sentence imposed on February 19, 2015, in the Court of Common Pleas of Delaware

County, following the revocation of her probation in the underlying cases. Concomitant with this appeal, counsel has filed an **Anders**[1] brief and petition seeking to withdraw as counsel. The single issue identified in the **Anders** brief is a challenge to the discretionary aspects of the probation violation sentence. Based upon the following, we affirm the judgments of sentence and grant the petition for leave to withdraw.

The trial court has provided a thorough summary of the background of this case, and therefore we recite only the details that are necessary for purposes of this discussion. **See** Trial Court Opinion, 4/30/2015, at 1–11.

On January 31, 2012, Gifford entered negotiated guilty pleas in two cases that included multiple counts of burglary and conspiracy,[2] docketed in the Court of Common Pleas of Delaware County at Docket No. 6030 of 2011 and Docket No. 6464 of 2011. On June 27, 2012, the trial court imposed the following sentences:

At Docket No. 6030 of 2011 —

Burglary – 2 years' intermediate punishment followed by 5 years' probation

Burglary – 2 years' intermediate punishment followed by 5 years' probation

Burglary – 3 years' probation

---

[1] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

[2] **See** 18 Pa.C.S. §§ 3502, 903, respectively.

Conspiracy – 3 years' probation

The sentences for the first two burglaries were ordered to run concurrently. The probation sentences were ordered to run consecutively to each other and with the other two sentences.

At Docket No. 6464 of 2011 –

Burglary – 2 years' intermediate punishment followed by 5 years' probation

Burglary – 2 years' intermediate punishment followed by 5 years' probation

These sentences were ordered to run concurrently with each other and with the sentence imposed at Docket No. 6030 of 2011. Therefore, for both cases, the aggregate sentence was a 2-year term of state intermediate punishment followed by an 11-year term of probation.

On February 19, 2015, Gifford stipulated to violating the probation sentences imposed at Docket Nos. 6030 of 2011 and 6464 of 2011, by new burglary conviction and absconding from supervision. As a result, the trial court revoked her probation and imposed the following sentence:

At Docket No. 6030 of 2011 –

Burglary – 2 to 10 years' incarceration

Burglary – 2 to 10 years' incarceration

Burglary – 3 years' probation

Conspiracy – 2 years' probation

The above sentences were ordered to run consecutively and, therefore, the aggregate sentence was 4 to 20 years' incarceration followed by 5 years' probation.

At Docket No. 6464 of 2011 –

Burglary – 2 to 10 years' incarceration

Burglary – 2 to 10 years' incarceration

Both of the above sentences were ordered to run consecutively and, therefore, the aggregate sentence was 4 to 20 years' imprisonment.

The trial judge ordered that the sentences in both cases run concurrently. Accordingly, for both cases, the total probation revocation sentence was 4 to 20 years' incarceration, followed by a 5-year probationary term. This timely appeal followed.

Prior to addressing the issues identified in this appeal, we must review counsel's petition to withdraw. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) ("Initially, we note that we may not address the merits of the issue raised on appeal without first reviewing the request to withdraw.").

> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349, 361 (Pa. 2009). The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes

- 4 -

arguably supports the appeal;

> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous.
>
> Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous. ***Santiago***, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to the appellant. Attending the brief must be a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 2007 PA Super 199, 928 A.2d 349, 353 (Pa. Super. 2007); ***see Commonwealth v. Daniels***, 2010 PA Super 112, 999 A.2d 590, 594 (Pa. Super. 2010); ***Commonwealth v. Millisock***, 2005 PA Super 147, 873 A.2d 748, 751-52 (Pa. Super. 2005).

***Commonwealth v. Harden***, 103 A.3d 107, 110 (Pa. Super. 2014).

Here, our review of the record reveals counsel has complied with the requirements for withdrawal. Specifically, counsel filed a petition for leave to withdraw, in which he states his belief that the appeal is frivolous, and filed an ***Anders*** brief pursuant to the dictates of ***Santiago, supra***, 978 A.2d at 361. Counsel has provided a copy of the letter he mailed to Gifford, advising her of her right to retain new counsel or proceed *pro se*, and the letter to Gifford reflects counsel's enclosure of a copy of the ***Anders*** brief. Moreover, our review of the record reveals no response from Gifford. Therefore, we proceed "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly

frivolous." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1248 (Pa. Super. 2015) (quotations and citation omitted). In so doing, we review not only the issues identified by appointed counsel in the ***Anders*** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." ***Id.*** at 1249 (footnote omitted).

The issue framed in the ***Anders*** brief is as follows: "Whether the aggregate sentence of 4 to 20 years imprisonment imposed upon Ms. Gifford is harsh and excessive under the circumstances?" ***Anders*** Brief at 4. As such, the ***Anders*** brief sets forth a discretionary sentencing claim.

> "[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." ***Commonwealth v. Crump***, 2010 PA Super 101, 995 A.2d 1280, 1282 (Pa.Super. 2010); 42 Pa.C.S. § 9781(b). Rather, an "[a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." ***Crump, supra*** at 1282. In determining whether a substantial question exists, this Court does not examine the merits of the sentencing claim. ***Commonwealth v. Tuladziecki***, 513 Pa. 508, 522 A.2d 17 (Pa. 1987).
>
> In addition, "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Kittrell***, 2011 PA Super 60, 19 A.3d 532, 538 (Pa. Super. 2011). Furthermore, a defendant is required to preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement. ***Commonwealth v. Naranjo***, 2012 PA Super 183, 53 A.3d 66, 72 (Pa. Super. 2012).

***Cartrette, supra***, 83 A.3d at 1042.

Here, Gifford did file a timely notice of appeal.[3] However, Gifford failed to properly preserve her discretionary aspects of sentencing claim at sentencing or in a timely-filed motion to modify sentence pursuant to Pa.R.Crim.P. 708(E). Moreover, the **Anders** brief does not contain a Rule 2119(f) statement, and the Commonwealth has objected to its absence. Accordingly, Gifford has waived this claim for review. **See Commonwealth v. Kalichak**, 943 A.2d 285, 289 (Pa. Super. 2008). ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion."); **see also Commonwealth v. Montgomery**, 861 A.2d 304, 308 (Pa. Super. 2004) ("Where an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review.").

Nevertheless, in light of the **Anders** brief, we will address Gifford's sentencing claim. **See Kalichak**, **supra**, 943 A.2d at 291–292 (addressing discretionary aspects of probation revocation sentence presented in **Anders** brief even though no post sentence motion filed). **See also**

---

[3] We note counsel, in response to the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, filed a statement pursuant to Pa.R.A.P. 1925(c)(4), indicating that he intended to file an **Anders** brief on appeal. **See** Statement of Matters Complained of on Appeal, 4/7/2015.

*Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) ("Where counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement.").

The *Anders* brief avers that "even after [Gifford] was found in violation of her probation, she stated that she realized the mistakes she has made in her life and was working to correct them [and] 4 to 20 years imprisonment is harsh and excessive under these circumstances." *Anders* brief at 8, *citing* N.T., 2/19/2015, at 10. To the extent Gifford raises a substantial question by claiming that the revocation court failed to consider mitigating circumstances,[4] the record belies her claim.

Our standard of review is as follows:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014) (citation omitted), *appeal denied*, ___ A.3d ___ (Pa. Super. 2015).

---

[4] *See Commonwealth v. Swope*, ___ A.3d ___, ___ [2015 PA Super 196] (Pa. Super. 2015) ("This Court has also held that 'an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.'") (citation omitted).

"Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing[.]" 42 Pa.C.S. § 9771(b).

> Thus, if the original offense was punishable by total confinement, such a penalty is available to a revocation court, subject to the limitation that the court shall not impose total confinement unless it finds that: (1) the defendant has been convicted of another crime; (2) the defendant's conduct indicates a likelihood of future offenses; or (3) such a sentence is necessary to vindicate the court's authority.

**Kalichak**, **supra**, 943 A.2d at 289.

Here, the trial court revoked Gifford's probation and properly sentenced her to total confinement as Gifford stipulated to the probation violation.

Moreover, the trial court sentenced Gifford within the statutory limits,[5] and **below** the recommendations of her probation officer. As the trial court explained:

> This court further directed that its [probation revocation] sentences at bar were to be served concurrently to one another. Thus, [Gifford] stemming from her probation violations was sentenced in the aggregate for Nos. 6030-11 and 6464-11 to four (4) through twenty (20) years incarceration at a state correctional institution, followed by five (5) years state probation. N.T. 2/19/15, pp. 26-28. *See* Certificates of Imposition of Judgment of Sentence, Nos. 6030-11 and 6464-11, dated February 19, 2015.

---

[5] The underlying crimes to which Gifford pleaded guilty were all felonies of the first degree, punishable by a maximum term of imprisonment of 20 years. **See** 18 Pa.C.S. § 1103(1).

> Defendant Gifford's supervising Board agent recommended she be sentenced anew on the revocation of her probations in the aggregate to a ten and a half (10.5) through twenty-one (21) year sentence of imprisonment, effective the date of imposition and concurrent to [Gifford's] newest incarceration term (No. 3352-14). N.T. 2/19/15, pp. 4-5. Despite his suggestion that the sentences at bar be served concurrent to that of No. 3352-14, the net impact of the agent's recommendation was Defendant Gifford serving five and a half (5.5) years imprisonment additional to that of her more recent conviction (No. 3352-14). N.T. 2/19/15, pp.5, 28-29.
>
> Although this court opted instead to direct that [Gifford's probation revocation] sentences be served consecutive to her newest incarceration term, the sentences were intentionally structured contrary to the agent's suggestion and the Commonwealth's concurring argument so she would serve a minimum imprisonment of just four (4) years beyond that mandated per her more current conviction under docket No. 3352-14. *See* Certificates of Imposition of Judgment of Sentence, Nos. 6030-11 and 6464-11, dated February 19, 2015. *See also* N.T. 2/19/15, pp. 4-5, 6-7, 27-29.

Trial Court Opinion, 4/30/2015, at 10–11.

On this record, we would discern no abuse of discretion. Moreover, we detect no other issues that would sustain an appeal in this case. ***See Flowers, supra***. Therefore, we agree with counsel's assessment that the appeal is wholly frivolous. Accordingly, we affirm Gifford's judgments of sentence and grant counsel's petition for leave to withdraw as counsel.

Judgments of sentence affirmed. Petition for leave to withdraw as counsel granted.

Stabile, J., joins the memorandum.

Mundy, J., concurs in the result.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/21/2015</u>